■ William Johnson, Appellant, v Anna Kilpatrick et al., Defendants, and Barry Kilpatrick, Respondent. [649 NYS2d 686]

—Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about August 11, 1995, which denied plaintiff's motion for the entry of judgment against defendant Barry Kilpatrick, unanimously reversed, on the law, with costs and disbursements, the motion granted to the extent of finding that said defendant received one-half of the funds which Anna Kilpatrick has been adjudicated to have received from Elfrieda Johnson and deposited into the defendants' joint checking account, and the matter remanded for further proceedings.

In this action for conversion, after the jury returned a verdict against defendant Anna Kilpatrick and the court directed the entry of judgment against her in the amount of $89,305, together with interest, costs and disbursements, the court referred to a Referee to hear and report, with recommendations, the issue of whether her husband, defendant Barry Kilpatrick, had received any of the converted funds from her. The Referee, after a hearing, found that Anna had received funds from Elfrieda Johnson and deposited them into a joint checking account she maintained with Barry, but concluded that there was insufficient evidence that Barry received any funds from Anna. Relying on the Referee's conclusion, the court denied plaintiff's motion for the entry of judgment against Barry.

"It is well settled that 'from the moment of creation of a joint account, a present unconditional property interest in an undivided one half of the moneys deposited devolves upon each tenant.'" (*Matter of Mullen v Linnane*, 218 AD2d 50, 55, quoting *Matter of Kleinberg v Heller*, 38 NY2d 836, 840-841 [Fuchsberg, J., concurring]; *see also*, Banking Law § 675 [a].) Thus, Anna's deposits of Johnson's funds into the joint account, which defendants concede, created a presumption that a one-half interest in the funds was conferred upon Barry. (Banking Law § 675 [a]; *see also, Matter of Mullen, supra*, 218 AD2d, at 52). No evidence was offered here to rebut that presumption. Indeed, defendants do not dispute the Referee's finding that Barry had joint control over the account. Therefore, Barry is deemed to have received one-half of the funds received from Johnson and deposited into the account, and the Referee's conclusion to the contrary was incorrect. Since, on the record before us, we are unable to determine the amount of these deposits, we remand the matter to the trial court for further proceedings. Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.